UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE O. STEWART, | Case No. 2:20-cv-01046-RFB-NJK |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM HUTCHINGS, et al. | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court are petitioner Terrance Stewart's counseled motion to withdraw and a proper-person motion to withdraw counsel and to proceed pro per. ECF No. 18, 19. Stewart and counsel fundamentally disagree about how to proceed with the case. The court finds that the interests of justice no longer require counsel to represent Stewart, and the court grants these motions.

Also before the court is the motion to vacate deadline for second amended petition. ECF No. 21. The court grants this motion because the court is allowing counsel to withdraw.

Next before the court is Stewart's application to proceed in forma pauperis. ECF No. 23. The application is moot because Stewart already has paid the filing fee.

Stewart has filed a second amended petition pro se. ECF No. 22. The court has reviewed it under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents will need to file a response to it.

Respondents have filed a motion for clarification and new scheduling order. ECF No. 24. Stewart's second amended petition (ECF No. 22) is the operative pleading, and the court will set the briefing schedule below.

IT THEREFORE IS ORDERED that the motion to withdraw (ECF No. 18) and the motion to withdraw counsel and to proceed pro per (ECF No. 19) are **GRANTED**. The Federal Public Defender's representation of petitioner is terminated.

IT FURTHER IS ORDERED that the vacate deadline for second amended petition (ECF No. 21) is **GRANTED**.

IT FURTHER IS ORDERED that the application to proceed in forma pauperis (ECF No. 23) is **DENIED** as moot.

IT FURTHER IS ORDERED that the clerk of the court change petitioner's address to Terrance Stewart, 1096002, Lovelock Correctional Center, 1200 Prison Rd., Lovelock, NV 89419, with arrangements for petitioner to file and to receive documents by email through that prison's law library.

IT FURTHER IS ORDERED that respondents must file a response to the second amended petition (ECF No. 22), including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct

their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: January 5, 2022.

_____
RICHARD F. BOULWARE, II
United States District Judge