UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE STEWART,<br><br>     Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,<br><br>     Respondents. | Case No. 2:20-cv-01046-RFB-NJK<br><br>**ORDER** |

This action is a petition for writ of habeas corpus by Terrance Stewart, an individual incarcerated at Nevada's Southern Desert Correctional Center.

Stewart initiated this action pro se on June 11, 2020. (See ECF No. 1.) The Court later appointed counsel for Stewart (ECF No. 10), and appointed counsel filed a first amended habeas petition on his behalf (ECF No. 17). However, Stewart then filed a motion for discharge of his counsel (ECF No. 19), his appointed counsel filed a motion to withdraw (ECF No. 18), and Stewart filed a pro se second amended petition (ECF No. 22). On January 5, 2022, the Court granted Stewart's motion for discharge of his counsel and counsel's motion to withdraw, and the Court ordered that the case would proceed on Stewart's pro se second amended petition. (ECF No. 26.)

On March 14, 2022, Respondents filed a motion to dismiss Stewart's second amended petition (ECF No. 32). In that motion, Respondents asserted that many of the claims in the second amended petition have not been exhausted in state court. See 28 U.S.C § 2254(b)(1) (habeas corpus relief generally cannot be granted on a claim not exhausted in state court). Stewart filed a response to the motion to dismiss on April 20, 2022 (ECF No. 47). In his response, Stewart appears to concede that several of the claims in his second amended petition are unexhausted in state court, and he indicates his willingness to abandon his unexhausted claims. (See ECF No. 47 at 2.) Stewart requests that the Court allow him an opportunity to amend his petition to include only exhausted claims. (See id.) Stewart goes on in his response to the motion to dismiss to set forth the claims he

1 would include in a third amended habeas petition. (See id. at 3–15.) Respondents filed a reply on
2 May 13, 2022 (ECF No. 50). Respondents assert that the claims Stewart intends to include in a
3 third amended petition still include a claim that Respondents consider to be unexhausted (the claim
4 that is Ground 1 of Stewart's second amended petition and Ground 7 of his intended third amended
5 petition). (ECF No. 50 at 4.) Respondents also point out that one of the claims Stewart intends to
6 include in a third amended petition was not in his second amended petition (Ground 4 of Stewart's
7 intended third amended petition).

8   The Court treats Stewart's response to the motion to dismiss, in part, as a motion for leave
9 to file an amended habeas petition, and, as it appears the amendment would cure at least most of
10 the defects of the second amended petition asserted by Respondents, the Court will grant the
11 motion to amend.

12   The Court will set a schedule for Stewart to file a third amended petition for writ of habeas
13 corpus on the proper form for pro se habeas petitions in this Court. His third amended petition
14 must include the case number of this action in the caption, and the caption must indicate that it is
15 his Third Amended Petition for Writ of Habeas Corpus. Stewart must fill out the form as
16 completely as possible. He may attach additional pages to the form in order to include all his
17 claims. The Court grants Stewart leave to amend with the understanding that Stewart intends to
18 assert only exhausted claims. In drafting the amended petition, however, Stewart will not be
19 limited to the claims suggested in his response to the motion to dismiss; he may include other
20 claims not described in that response, and he may omit claims he described there.

21   The Court will deny the motion to dismiss as moot, without prejudice to Respondents
22 asserting any applicable defense to any claim included in Stewart's third amended petition.

23   The Court will set forth below a new schedule for further proceedings in this case, including
24 a deadline for the filing of the third amended petition.

25   **IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss Second Amended
26 Petition (ECF No. 32) is **DENIED**, without prejudice, as moot.

27   **IT IS FURTHER ORDERED** that Petitioner's response to the motion to dismiss his
28 second amended petition (ECF No. 47) is treated, in part, as a motion for leave to file a third

amended habeas petition, and that motion is granted. Petitioner will have 45 days from the date of this order to file a Third Amended Petition for Writ of Habeas Corpus.

**IT IS FURTHER ORDERED** that Respondents will have 45 days to file a response to Petitioner's third amended petition. If Respondents file a motion to dismiss the third amended petition, Petitioner will have 45 days to respond to that motion, and then Respondents will have 20 days to file a reply. If Respondents file an answer, Petitioner will have 60 days to file a reply to the answer.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to Petitioner a copy of his response to Respondents' motion to dismiss (ECF No. 47), two copies of the Court's form pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and any available instructions for use of that form.

DATED THIS 7th day of December, 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE