UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE STEWART,<br><br>   Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,<br><br>   Respondents. | Case No. 2:20-cv-01046-RFB-NJK<br><br>**ORDER** |

This action is a petition for writ of habeas corpus by Terrance Stewart, who was incarcerated in Nevada at Southern Desert Correctional Center and later at Three Lakes Valley Conservation Camp. Information on the website of the Nevada Department of Corrections indicates that Stewart's prison sentence has expired and that he is no longer in custody.

Stewart initiated this habeas corpus action pro se on June 11, 2020. (See ECF No. 1.) The Court appointed counsel for Stewart (ECF No. 10), and appointed counsel filed a first amended habeas petition on his behalf (ECF No. 17). However, Stewart then filed a motion for discharge of his counsel (ECF No. 19), his appointed counsel filed a motion to withdraw (ECF No. 18), and Stewart filed a pro se second amended petition (ECF No. 22). On January 5, 2022, the Court granted Stewart's motion for discharge of his counsel and counsel's motion to withdraw, and the Court ordered that the case would proceed on Stewart's second amended petition. (ECF No. 26.)

On March 14, 2022, Respondents filed a motion to dismiss Stewart's second amended petition. (ECF No. 32.) In that motion, Respondents asserted that many of the claims in Stewart's second amended petition are unexhausted in state court. Stewart filed a response to the motion to dismiss on April 20, 2022 (ECF No. 47), conceding that several of the claims in his second amended petition are unexhausted, and indicating his willingness to abandon those claims. (See ECF No. 47 at 2.) Stewart requested that the Court allow him an opportunity to amend his petition

to include only exhausted claims. (See id.) Stewart set forth the claims he would include in a third amended habeas petition. (See id. at 3–15.)

The Court treated Stewart's response to the motion to dismiss, in part, as a motion for leave to file an amended petition, granted the motion to amend, and set a schedule for Stewart to file his third amended petition. (ECF No. 54.) The Court denied the motion to dismiss as moot. (Id.) That order was entered on December 7, 2022. (See id.)

The copy of the December 7, 2022, order mailed to Stewart was returned to the Court as undeliverable—likely because Stewart has been released from custody and has not provided the Court with a current mailing address. (See ECF No. 55.) Stewart has, however, filed a consent for electronic service of documents and has provided an email address (ECF No. 52), so Stewart should be receiving the Court's orders by that means.

Under these circumstances, the Court will extend, to 30 days following the entry of this order, the time for Stewart to file his third amended habeas petition. Stewart must file his third amended petition on the proper form for pro se habeas petitions in this Court. His third amended petition must include the case number of this action in the caption, and the caption must indicate that it is his Third Amended Petition for Writ of Habeas Corpus. Stewart must fill out the form as completely as possible. He may attach additional pages to the form in order to include all his claims. The Court granted Stewart leave to amend with the understanding that he intends to assert only exhausted claims. In drafting the amended petition, however, Stewart will not be limited to the claims suggested in his response to the motion to dismiss; he may include other claims not described in that response, and he may omit claims he described there.

The Court will also require Stewart, within the same time period—30 days following the entry of this order—to file a notice providing his current mailing address. See LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.")

<u>If Stewart does not file both his third amended habeas petition and notice of his current mailing address in the time allowed, this action will be dismissed</u>.

**IT IS THEREFORE ORDERED** that Petitioner will have 30 days from the date of entry of this order to file a Third Amended Petition for Writ of Habeas Corpus.

**IT IS THEREFORE ORDERED** that Petitioner will have 30 days from the date of entry of this order to file a notice stating his current mailing address.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to Petitioner a copy of his response to Respondents' motion to dismiss (ECF No. 47), two copies of the Court's form pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and any available instructions for use of that form.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered December 7, 2022 (ECF No. 54) will remain in effect.

DATED THIS 29th day of January, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE