UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE STEWART,

    Petitioner,

v.

ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,

    Respondent.

Case No. 2:20-cv-01046-RFB-NJK

**ORDER**

    In this habeas corpus action, the respondents have filed a motion to dismiss (ECF No. 58) asserting that the case has become moot as a result of the expiration of Petitioner Terrance Stewart's prison sentence and his release from custody. Stewart did not respond to the motion to dismiss. The Court will grant the motion to dismiss and dismiss this action as moot.

    Stewart was convicted in Nevada's Eighth Judicial District Court (Clark County) of battery with use of a deadly weapon, preventing or dissuading a witness from testifying or producing evidence, and ownership or possession of a firearm by a prohibited person. See ECF No. 13-12. He was sentenced to an aggregate of 48 to 180 months in prison. Ibid. Information on the website of the Nevada Department of Corrections indicates that Stewart's prison sentence has expired and that he is no longer in custody.

    Stewart initiated this habeas corpus action pro se on June 11, 2020, while he was in prison. See ECF No. 1. The Court appointed counsel for Stewart (ECF No. 10), and appointed counsel filed a first amended habeas petition on his behalf (ECF No. 17). However, Stewart then filed a motion for discharge of his counsel (ECF No. 19), his appointed counsel filed a motion to withdraw (ECF No. 18), and Stewart filed a pro se second amended petition (ECF No. 22). On January 5, 2022, the Court granted Stewart's motion for discharge of his counsel and counsel's motion to withdraw, and the Court ordered that the case would proceed on Stewart's second amended petition. ECF No. 26.

On March 14, 2022, Respondents filed a motion to dismiss Stewart's second amended petition. ECF No. 32. In that motion, Respondents asserted that many of Stewart's claims were unexhausted in state court. Stewart filed a response (ECF No. 47), conceding that several of his claims were unexhausted, and indicating his willingness to abandon those claims. See ECF No. 47 at 2. Stewart requested that the Court allow him an opportunity to amend his petition to include only exhausted claims. Ibid. The Court treated Stewart's response to the motion to dismiss his second amended habeas petition, in part, as a motion for leave to file a third amended petition, granted the motion to amend, and set a schedule for Stewart to file his third amended petition. ECF No. 54. The Court denied the motion to dismiss the second amended petition as moot. Ibid. On March 6, 2023, Stewart filed a third amended habeas petition. ECF No. 57.

On April 4, 2023, Respondents filed a motion to dismiss Stewart's third amended habeas petition. ECF No. 58. In their motion to dismiss, Respondents assert that this case is moot because Stewart's prison sentence has expired, he is no longer in custody, and he makes no allegation in his third amended petition that there is any continuing injury, or collateral consequence, remaining from the conviction he challenges. Respondents argue in their motion to dismiss that any effect of Stewart being a convicted felon is attributable to his preexisting criminal record (see ECF No. 43-1 (presentence investigation report, filed under seal)) and is unaffected by the conviction he challenges in this case. Stewart did not respond to this motion to dismiss. See ECF No. 54 (45 days for response to motion to dismiss). Under Local Rule LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

The "case-or-controversy" requirement of Article III, § 2, of the United States Constitution requires that a habeas corpus petitioner must have a "personal stake in the outcome of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990)). Thus, a petition for writ of habeas corpus may become moot if the petitioner is released from custody prior to any ruling. Id. Once the petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral

consequence' of the conviction—must exist if the suit is to be maintained." Spencer, 523 U.S. at 7.

Stewart does not, in his third amended petition (ECF No. 57)—according to Respondents, filed after his prison sentence expired—allege any continuing injury resulting from the challenged conviction. In his request for relief in the third amended petition, Stewart does not request any specific relief from any continuing injury. See ECF No. 57 at 13. And, again, Stewart did not respond to Respondents' motion to dismiss, which is based primarily on the mootness of his petition.

Therefore, the Court will grant Respondents' motion to dismiss and dismiss this action as moot.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed as moot.

**IT IS FURTHER ORDERED** that, as reasonable jurists would not find this ruling to be debatable or wrong, Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS __16__ day of _____August_____, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE